PER CURIAM.
Larry A. Turner, pro se, appeals “the entire proceedings” in the trial court, but primarily bases his appeal on a final summary judgment rendered April 9, 1997. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not filed until May 19, 1997, a date outside the 30-day *633 requirement of Florida Rule of Appellate Procedure 9.110(b).
We earlier denied a motion to dismiss filed before the record was received by this court because the appellant responded to the motion by alleging that he had filed an earlier notice of appeal in August, 1996. We accepted at face value the representations made by the appellant and denied the motion to dismiss relying on Florida Rule of Appellate Procedure 9.110(m)[1]. Our review of the subsequently received record indicates that we were incorrect in denying the earlier motion to dismiss.
The earlier “Notice of Appeal” that appellant refers to was filed on August 30,1996, in a motion appellant entitled, “Motion to Strike the Sham Pleadings by Defendants Objection to Plaintiffs Notice of Hearing and Defendant’s Entry of a Order for Final Summary Judgment In the Alternative, A Notice of Appeal.” The “notice” was contained in the last paragraph of the motion and stated, “The Plaintiff herein is providing a Notice of Appeal, if the Court issues an Order in favor of the contemptuous Attorney and the Defendants.” No other Notice of Appeal appears in the record except the one filed with the Circuit Court on May 19, 1997. Furthermore, nothing appears in the record before us that would indicate that any further action was taken before May 19, 1997, to proceed with the appellant’s plan to take an appeal if the court ruled adversely to his interests.
The notice does not even come close to complying with the requirements of Florida Rules of Appellate Procedure 9.110(d) and 9.900(a), and glaringly omits “the name of the court to which the appeal is taken.” Fla. R.App. P. 9.110(d). Rule 9.110(m) allows for some leeway for premature appeals but our interpretation of the rule requires some previous action by the trial court about which an appellant wishes to complain. In the instant case, the August 30, 1997 “Notice of Appeal” was filed before any appealable decisions were rendered by the trial court and five months before any of the defendants filed a motion leading to the final judgment from which the appellant tardily filed an appeal.
The appeal is dismissed.
DISMISSED.
DAUKSCH, PETERSON and THOMPSON, JJ., concur.

. Florida Rule of Appellate Procedure 9.110(m) provides:
(m) Premature Appeals. If a notice of appeal is filed before rendition of a final order, the appeal shall he subject to dismissal as premature. However, if a final order is rendered before dismissal of the premature appeal, the premature notice of appeal shall be considered effective to vest jurisdiction in the court to review the final order. Before dismissal, the court in its discretion may permit the lower tribunal to render a final order.